UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR OROZCO, | No. 2:25-cv-1994-DJC-CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| AMERICAN LEGION AMBULANCE COMPANY, et al., | FINDINGS & RECOMMENDATIONS |
| Defendants. | |

Plaintiff, a state prisoner, proceeds pro se and seeks relief under 42 U.S.C. § 1983 and state law. Plaintiff initiated this action in the Amador County Superior Court and defendants removed it to this court on July 17, 2025. (ECF No. 1.) On August 4, 2025, plaintiff filed a motion to remand (ECF No. 5) and a motion seeking the issuance of a preliminary injunction prohibiting prison officials from destroying evidence. (ECF No. 6). Plaintiff also filed a motion to appoint counsel and for a court-appointed expert medical witness (ECF No. 9) which will be denied without prejudice. Plaintiff's motion to remand is not yet fully briefed and will be addressed in due course. For the following reasons, the motion for preliminary injunction should be denied.

**I.  Legal Standard for a Preliminary Injunction**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff

1

seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted) (emphasis added).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

## II.     Discussion

Plaintiff's motion seeks an order to preserve evidence and should be denied. Plaintiff does not meet the heightened standard necessary for the issuance of a preliminary injunction. See 18 U.S.C. § 3626(a)(1)(A); Winter, 555 U.S. at 24. Plaintiff's motion is not premised on any showing that there is specific evidence in danger of being destroyed. Plaintiff's motion is premised on mere allegations and conclusions that a failure to enjoin destruction would result in the loss of evidence.

"Federal courts have the implied or inherent power to issue evidence preservation orders as part of their general authority 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" American LegalNet, Inc. v. Davis, 673 F.Supp.2d 1063, 1071 (C.D. Cal. 2009) (quoting Pueblo of Laguna v. United States, 60 Fed. Cl. 133, 135–36 (2004)). In addition, a federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence. Med. Lab. Mgmt. Consultants v. American Broad. Cos., 306 F.3d 806, 824 (9th Cir. 2002).

The duty for litigants to preserve evidence, "backed by the court's inherent power to impose sanctions for the destruction of such evidence, is sufficient in most cases to secure the

preservation of relevant evidence." Young v. Facebook, Inc., No. 5:10–cv–03579–JF/PVT, 2010 WL 3564847, at * 1 (N.D. Cal. Sept.13, 2010) (holding that before additional measures to preserve evidence are implemented, there must be some showing that there is reason for the court to be concerned that potentially relevant evidence is not being preserved and that the opposing party may be harmed as a result); Leon v. IDX Systems Corp., 464 F.3d 951, 959 (9th Cir. 2006) (a party's destruction of evidence qualifies as willful spoliation if the party has some notice that the documents were potentially relevant to the litigation before they were destroyed).

Courts may consider the following general factors when evaluating whether an evidence preservation order is appropriate:

> 1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; 2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and 3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering evidence preservation.

Al Otro Lado, Inc. v. Nielsen, 328 F.R.D. 408, 416 (S.D. Cal. 2018).

Here, defendants acknowledge their duty to preserve and disclose evidence relevant to plaintiffs' claim. (ECF No. 11 at 3.) Plaintiff does not demonstrate an evidence preservation order is warranted or appropriate under the court's inherent authority and does not show he is likely to suffer irreparable harm in the absence of a preliminary injunction to issue. Plaintiff's general and unsupported concerns do not suffice.

**III.    Motion to Appoint Counsel and Expert Witness**

District courts lack authority to require counsel to represent indigent prisoners in civil rights cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the

3

legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Plaintiff has also requested a court-appointed expert medical witness. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989). Here, plaintiff has not sought or been granted in forma pauperis status. But even assuming that plaintiff may be eligible to be granted in forma pauperis status, the in forma pauperis statute does not authorize the expenditure of public funds for witnesses. See 28 U.S.C. § 1915. Plaintiff's request for a court-appointed expert medical witness will be denied.

### IV.  Order and Recommendation

In accordance with the above, IT IS ORDERED that plaintiff's motion to appoint counsel (ECF No. 9) is DENIED without prejudice and the accompanying request for a court-appointed expert medical request is DENIED.

In addition, IT IS HEREBY RECOMMENDED that plaintiff's motion for preliminary injunction in the form of an evidence preservation order (ECF No. 6) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to

4

appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 20, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, oroz1994.mpi