UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR OROZCO<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN LEGION AMBULANCE COMPANY, et al.,<br><br>Defendants. | 2:25-cv-1994-DJC-CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Proceeding without counsel, plaintiff Hector Orozco, a state prisoner, initiated this action in the Superior Court for Amador County, California. Defendants T. Miranda, I. Bal, A. Davis, J. Grijalva, C. Sirithes, and M. James filed a notice of removal. (ECF No. 1.) This matter is referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's motion to remand, motion for leave to amend the complaint, and request for issuance of additional summonses are before the court. (ECF Nos. 5, 12, 20.) As set forth below, the undersigned will recommend the motion to remand be denied. The unopposed motion for leave to amend is granted and plaintiff's proposed amended complaint filed on August 18, 2025 (ECF No. 12-1) is deemed the operative complaint.

The undersigned has screened the operative amended complaint and finds it states the following potential claims: (1) under 42 U.S.C. § 1983 against Correctional Officers Grijalva, Choo, and S. Martinez for excessive force in violation of the Eighth Amendment, (2) under 42

U.S.C. § 1983 against R.N. Sirithes for deliberate indifference to plaintiff's health or safety in violation of the Eighth Amendment; (3) under California law against American Legion Ambulance for gross negligence of one or more of its EMT employees; and (4) under California's Bane Act against defendants Grijalva, Choo, S. Martines, Sirithes, and American Legion Ambulance for alleged interference or attempted interference with plaintiff's state or federal rights by threats, intimidation or coercion. Plaintiff may proceed on the operative amended complaint as screened with only these claims or plaintiff may file an amended complaint under the guidelines set forth below.

## I.     Motion to Remand

Plaintiff seeks remand of this case to the state court, on grounds that (1) defendants did not promptly serve the notice of removal and (2) not all defendants against whom a federal question claim is asserted joined the motion. (ECF No. 5 at 3.) Defendants opposed the motion and plaintiff filed a reply. (ECF Nos. 10, 14.)

The alleged lack of prompt receipt of the notice of removal is, at most, a procedural defect which does not affect subject matter jurisdiction. See Soliman v. Philip Morris Inc., 311 F.3d 966, 970 (9th Cir. 2002) ("[A] procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court."). The record reflects defendants served the notice of removal to plaintiff. (ECF No. 10-2 at 2, 4.) If there was any defect in notice, it has been remedied by plaintiff's receipt of a re-served copy. (See id. at 7; ECF No. 14 at 1.) Such a minor potential procedural defect which has been cured and which did not prejudice plaintiff does not warrant remand. See Dahlstrom v. Lifecare Centers of Am., Inc., No. C21-1465-TL-SKV, 2022 WL 584246, at *5 (W.D. Wash. Feb. 8, 2022) (citing collected cases where curable procedural defects did not deprive the court of jurisdiction or warrant remand), report and recommendation adopted, No. C21-1465-TL-SKV, 2022 WL 579312 (W.D. Wash. Feb. 25, 2022).

In response to plaintiff's argument that not all defendants joined in the removal, defendants assert all properly served defendants joined the notice of removal. (ECF No. 10 at 2.) Plaintiff "consents that there was an error in properly notifying the state court of American

1  Legion Ambulance being served with complaint, but nevertheless [asserts] American Legion
2  Ambulance was [properly] served and has failed to consent to such removal[.]" (ECF No. 14 at
3  2.) In a subsequent motion filed in this case, plaintiff states an attorney for American Legion
4  Ambulance has asserted service was ineffective and improper. (ECF No. 20 at 2.)

5  All defendants who have been properly served in the action must join a petition for
6  removal. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988) (citing 28
7  U.S.C. § 1446(a)). The failure to join all proper defendants in a removal petition may render it
8  procedurally defective. See id.

9  The record presently before the court does not indicate defendant American Legion
10  Ambulance was properly served or is otherwise subject to the jurisdiction of the state court. If it is
11  subsequently determined that when the notice of removal was filed, any additional defendants had
12  been properly served and did not join the notice of removal, then the removing defendants may
13  cure any defect by obtaining joinder of all defendants prior to the entry of judgment. See Destfino
14  v. Reiswig, 630 F.3d 952, 957 (9th Cir. 2011) ("the district court may allow the removing
15  defendants to cure the defect by obtaining joinder of all defendants prior to the entry of
16  judgment").

17  In sum, plaintiff raises only potential procedural defects which either have been cured or
18  which can be cured. The motion to remand should be denied. See Flam v. Flam, 788 F.3d 1043,
19  1047 (9th Cir. 2015) ("a magistrate judge presented with a motion for remand "should provide a
20  report and recommendation to the district court'").

21  **II.   Screening Requirement and Motion to Amend**

22  The court is required to screen complaints brought by prisoners seeking relief against a
23  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In
24  this instance, after the notice of removal was filed and before the court screened plaintiff's
25  removed complaint, plaintiff filed a motion for leave to amend. (ECF No. 12.) Plaintiff attached a
26  proposed amended complaint to that motion. (ECF No. 12-1.) No defendant has filed an
27  opposition to the motion for leave to amend. Good cause appearing, plaintiff's unopposed motion
28  for leave to amend is granted. See Fed. R. Civ. P. 15(a).

3

The court will screen plaintiff's first amended complaint ("FAC"). (ECF No. 12-1.) The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

### III. Allegations in the FAC

While incarcerated at Mule Creek State Prison on September 19, 2024, plaintiff suffered a fentanyl overdose which he believes was administered because he expressed intent to forward information to gossip column TMZ. (ECF No. 12-1 at 21, 26-27.) Defendant M. James found plaintiff, administered Narcan, and applied mechanical restraints to plaintiff's wrists and legs. (Id. at 10, 21.) Psych Tech Galbraith activated 911 emergency and administered Narcan. (Id. at 10.) Plaintiff alleges these defendants did not follow proper procedures for administering Narcan which constituted "physical abuse" within the meaning of California's statutory scheme providing for heightened remedies for abuse of a dependent adult. (Id. at 10.)

When plaintiff became conscious, he complained that the restraints were impeding his ability to breathe. (ECF No. 12-1 at 21-22.) When he tried to sit up to breathe because he was in respiratory distress, defendants Grijalva, Choo, and S. Martinez claimed he was being combative and used unnecessary force to compress his chest, stomach, arms and legs, giving him the feeling of drowning and being tortured. (Id. at 20, 22, 25, 27.) This went on for one hour and 17 minutes while plaintiff was in T.T.A. (Id. at 22.)

While plaintiff was in T.T.A., R.N. Sirithes failed to recognize plaintiff was in shock and not just being in a combative state and allowed the correctional officer defendants to "abuse" him by continuing to apply unnecessary force. (ECF No. 12-1 at 11, 23.) Plaintiff told R.N. Sirithes he was in extreme pain, but medical reports instead falsely stated he was not in pain and was being combative. (Id. at 10-11.) P & S Davis[1] gave the EMTs permission to administer 4 mgs of Haldol even though plaintiff was already over sedated. (Id. at 26.) Defendants T. Miranda and Doctor Bell failed to provide plaintiff with adequate medical care and "failed to properly staff medical

---

[1] P & S Davis is also referred to as P & S Austin in the FAC and appears to be the same person.

4

staff." (Id. at 12, 23.)

When EMTs from American Legion Ambulance arrived, no aid was given except someone improperly administered 12 mgs of Versed, a chemical restraint. (ECF No. 12-1 at 11, 13-14.) A responding EMT immediately and without evaluating plaintiff stated she was not taking him "like that," suggesting plaintiff was being combative. (Id. at 12.) American Legion Ambulance knew of the unfitness of its agents or employees who refused to render emergency medical care to plaintiff and failed to determine he was threatened with serious illness or injury by administration of the chemical agent and delay in transport to the hospital. (Id. at 17-18, 28.)

Michel Cureton and Dr. Brady are agents and employees of Sutter Amador Hospital. (ECF No. 12-1 at 16, 20.) Once plaintiff arrived at Sutter Amador Hospital, Dr. Brady "undertook the care" but "abused/neglected/abandoned" plaintiff. (Id. at 14, 20.) Sutter Amador Health authorized and ratified the wrongful acts of Dr. Brady and "allowed the EMTs to abandon plaintiff at T.T.A." (Id. at 14, 28.)

Due to the defendants' alleged conduct, plaintiff suffered injury including paralysis and loss of taste and smell. (E.g., ECF No. 12-1 at 24.) Plaintiff brings federal claims under 42 U.S.C. § 1983 for cruel and unusual punishment alleging excessive force by the correctional officer defendants and deliberate indifference to health or safety by other prison official defendants. (Id. at 21-24.) He brings state-law claims against various defendants under the Tom Bane Civil Rights Act (id. at 25-29), and for abuse or neglect of a dependent adult (id. at 10-15, 20), negligence or gross negligence (id. at 12-15), intentional infliction of emotional distress (id. at 15-17), and refusal to render emergency medical services (id. at 17-19). Pertaining to his state-late claims, plaintiff submitted a government claim for damages which was rejected by failure to act. (Id. at 18-19.)

### IV.   Screening the FAC

#### A.  42 U.S.C. § 1983 Claims

Liberally construed, plaintiff's allegations against correctional officer defendants Grijalva, Choo, and S. Martinez state a colorable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A that these defendants used excessive force in violation of the Eighth Amendment.

The FAC does not state an excessive force claim against M. James for placing mechanical restraints on plaintiff while he was unconscious because the allegations do not plausibly suggest this defendant "applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).

Liberally construed, plaintiff's allegations against R.N. Sirithes state a colorable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A that defendant Sirithes was deliberately indifferent to plaintiff's health or safety in violation of the Eighth Amendment. The FAC does not state a medical deliberate indifference claim against Psych Tech Galbraith or P&S Davis. The allegation that defendants did not follow proper procedures for administering Narcan is conclusory and suggests no more than mere negligence which does not rise to the level of deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 835 (1994). Similarly, the allegation that a defendant gave the EMTs permission to administer 4 mgs of Haldol when plaintiff was already over sedated expresses no more than a difference in opinion as to the appropriate course of treatment, which does not show deliberate indifference. See Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

Dr. Bell as Chief Medical Officer and T. Miranda as Warden are not adequately alleged to have personally participated in any deprivation of plaintiff's constitutional rights. See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and thus the causal link between a defendant holding a supervisory position and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### B. State Law Claims

#### 1. Negligence

Defendant American Legion Ambulance may be held liable for state-law tort claims under the doctrine of respondeat superior if its employee EMTs are liable under the applicable standard of care. See Lathrop v. Healthcare Partners Med. Grp., 114 Cal.App.4th 1412, 1423 (Ct. App.

6

2004). In California, EMTs are immune from ordinary negligence claims but are "liable in civil damages for acts or omissions performed in a grossly negligent manner or acts or omissions not performed in good faith." Cal. Health & Safety Code § 1799.106. Liberally construing the FAC, plaintiff states a claim against American Legion Ambulance for the alleged gross negligence of its EMT employees for refusing to evaluate plaintiff or render medical aid.

The FAC does not state a negligence claim against Warden Miranda or Chief Medical Officer Dr. Bell. Prison officials owe prisoners a duty to protect them from foreseeable harm. Giraldo v. Cal. Dep't of Corr. & Rehab., 168 Cal. App. 4th 231, 252-53 (2008). However, allegations that these defendants breached a legal duty to use reasonable care in the provision of medical care by failing to provide prompt and appropriate care are conclusory allegations which do not state a negligence claim. See Flores v. Cnty. of Fresno, No. 1:19-CV-01477-DAD-BAM, 2021 WL 3287715, at *10-11 (E.D. Cal. Aug. 2, 2021). Plaintiff also alleges these defendants failed to have a doctor on site even though they were on notice there was a serious drug overdose issue at the prison because an inmate had overdosed and died the day before. (ECF No. 12-1 ay 17.) This allegation does not suffice to allege defendants Warden Miranda or Chief Medical Officer Dr. Bell failed to protect plaintiff from foreseeable harm.

The FAC also does not state a negligence claim against Dr. Brady or Sutter Amador Health. Plaintiff's allegations against these defendants are conclusory and lack necessary factual specificity. It is not enough to allege defendants undertook or were responsible for plaintiff's care and failed their duties through abuse, abandonment, or neglect.

**2. Abuse or Neglect of Dependent Adult**

The FAC does not state any claim or basis for heightened remedies for abuse or neglect of a dependent adult. See Welf. & Inst. Code, § 15600 et seq. California law provides for heightened remedies for abuse of a dependent adult or elder when the cause of action includes facts showing physical abuse, neglect, or other treatment with resulting physical harm or pain or mental suffering. Berkley v. Dowds, 152 Cal. App. 4th 518, 529 (2007); see also id. ("Acts of simple or even gross negligence will not justify the additional civil damage remedies.").

////

A "dependent adult" in this context is a person between the ages of 18 and 64 years who has physical or mental limitations that restrict the ability to carry out normal activities or to protect their rights, or who is admitted as an inpatient to a 24-hour health facility as defined in specified sections of the Health and Safety Code. See Cal. Welf. & Inst. Code § 15610.23. Plaintiff was not an inpatient at a 24-hour health facility. Neither his medical condition nor the circumstances of being unconscious, restrained, and in need of transport for emergency medical care were limitations that restricted his ability to protect his rights within the meaning of the statutory scheme. See Torres v. Santa Rosa Mem'l Hosp., No. C 12-6364 PJH, 2013 WL 4483469, at *3 (N.D. Cal. Aug. 20, 2013) (rejecting argument that person became a "dependent adult" based on emergency medical conditions and being transferred emergently by ambulance).

### 3. Intentional Infliction of Emotional Distress

The FAC does not state an intentional infliction of emotional distress claim. Plaintiff does not allege any conduct by Warden Miranda or Dr. Bell "directed to" plaintiff. See So v. Shin, 212 Cal. App. 4th 652, 671 (2013), as modified on denial of reh'g (Jan. 28, 2013). Plaintiff does not allege any specific facts regarding the conduct of Alan McNany or regarding the conduct of Michel Cureton or Dr. Shawn Brady, except vague references that Dr. Brady undertook pre-hospital care and Alan McNany ratified the wrongful acts of American Legion Ambulance employees. Such allegations fail to plausibly suggest any defendant engaged in extreme and outrageous conduct with reckless disregard for the probability of causing plaintiff emotional distress or with intent to cause plaintiff emotional distress. See So, 212 Cal. App. 4th at 671.

### 4. Tom Bane Civil Rights Act

The FAC states a potential Bane Act claim against defendants Grijalva, Choo, and S. Martinez based on the allegations that these defendants used unreasonable and unnecessary force while plaintiff was in respiratory distress. See Johnson v. City of San Jose, 591 F. Supp. 3d 649, 669 (N.D. Cal. 2022) ("allegations in support of the excessive force claim… meet the requirements to allege a specific intent to violate [plaintiff's] rights under the Bane Act"). Plaintiff also states a potential Bane Act claim against R.N. Sirithes. See Scalia v. Cnty. of Kern, 308 F. Supp. 3d 1064, 1084 (E.D. Cal. 2018) ("a prison official's deliberate indifference to

serious medical needs is a coercive act"). Plaintiff also states a potential Bane Act claim against American Legion Ambulance based on the alleged conduct of the responding EMTs. See Morrison v. Pal, No. 1:17-CV-00776-AWI-JLT, 2018 WL 6460038, at *10 (E.D. Cal. Dec. 10, 2018) (rejecting argument that the defendant could not be held vicariously liable for another's conduct under the Bane Act).

Plaintiff does not state a Bane Act claim against defendants Sutter Amador Health, Warden Miranda, Dr. Bell, M. James, Psych Tech Galbraith, P&S Austin, Alan McNany, Michel Cureton, or Dr. Brady because plaintiff has not adequately alleged any of these defendants intentionally interfered or attempted to interfere with his state or federal constitutional or legal rights by threats, intimidation or coercion. See Cal. Civ. Code, § 52.1(b); Allen v. City of Sacramento, 234 Cal. App. 4th 41, 67 (3rd Dist. 2015).

### C. Defendant Bal

Plaintiff lists "Chief Medical Executive" Inderpal Bal as a defendant but does not include any factual allegations about defendant Bal's conduct or indicate that defendant Bal is sued in any cause of action. Thus, the FAC does not state a claim against defendant Bal.

### V.    Request for Issuance of Additional Summonses (ECF No. 20)

Plaintiff requests the court to issue additional summonses directed to American Legion Ambulance, Sutter Amador Health, Shawn Brady, S. Martinez, Choo, and Sandahal Galbraith. (ECF No. 20.) Although the undersigned has determined the FAC states potential claims against American Legion Ambulance, S. Martinez, and Choo, plaintiff is being granted an opportunity to file a further amended complaint. Additional summonses will be issued for defendants against whom the court determines plaintiff has stated a potential claim after plaintiff decides whether to proceed on the FAC as screened or file a further amended complaint. If plaintiff files a further amended complaint, the court will first screen the further amended complaint. See 28 U.S.C. § 1915A(a).

### VI.    Leave to Amend

Plaintiff may proceed on the FAC as screened with the potential claims found to be cognizable or plaintiff may file a further amended complaint. See Noll v. Carlson, 809 F.2d 1446,

1448-49 (9th Cir. 1987). Plaintiff must complete and return to the court the attached notice along with any optional amended complaint. This opportunity to amend is not for the purposes of adding new and unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). A further amended complaint should be titled "Second Amended Complaint" and should reference the case number.

If plaintiff chooses to proceed on the FAC as screened, the court will construe the choice as a request to voluntarily dismiss the additional claims and defendants pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure. Then the court will send plaintiff the necessary forms for service of the complaint on defendants American Legion Ambulance Company, S. Martinez, and Choo.

### VII.  Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

The allegations in your first amended complaint state some claims against some defendants but other claims must be dismissed pursuant to 28 U.S.C. § 1915A(b). You are not obligated to amend the complaint and may proceed on the FAC as screened with the claims listed in the order below. In the alternative, you may file a further amended complaint. You must complete the attached notice and return it to the court within 30 days from the date of this order, along with any optional amended complaint.

### VIII.  Order and Recommendation

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiff's unopposed motion for leave to amend (ECF No. 12) is GRANTED and the proposed first amended complaint (ECF No. 12-1) is deemed the operative complaint.
2. Plaintiff's request for issuance of additional summonses (ECF No. 20) is DENIED.
3. The court has screened plaintiff's first amended complaint and finds it states the following potential claims: against Correctional Officers Grijalva, Choo, and S. Martinez for excessive force in violation of the Eighth Amendment, against R.N.

Sirithes for deliberate indifference to plaintiff's health or safety in violation of the Eighth Amendment; against American Legion Ambulance for gross negligence of one or more of its EMT employees; and under the Bane Act against defendants Grijalva, Choo, S. Martines, Sirithes, and American Legion Ambulance for alleged interference or attempted interference with plaintiff's state or federal rights by threats, intimidation or coercion; plaintiff may proceed on the FAC as screened with these claims or plaintiff may file an amended complaint.

4. Within thirty (30) days of the date of this order, plaintiff shall complete and return the attached Notice of Election form along with any optional amended complaint.

5. Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

In addition, IT IS RECOMMENDED that plaintiff's motion to remand (ECF No. 5) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 22, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, oroz1994.scrn.elect.remfr

11

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR OROZCO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN LEGION AMUBLANCE COMPANY, et al.,<br><br>　　　　　Defendants | 2:25-cv-1994-DJC-CKD P<br><br><br>NOTICE OF ELECTION |

Check one:

\_\_\_\_\_　Plaintiff wants to proceed on the FAC as screened with the following claims: (1) against Correctional Officers Grijalva, Choo, and S. Martinez for excessive force in violation of the Eighth Amendment, (2) against R.N. Sirithes for deliberate indifference to plaintiff's health or safety in violation of the Eighth Amendment; (3) against American Legion Ambulance for gross negligence of one or more of its EMT employees; and (4) under the Bane Act against defendants Grijalva, Choo, S. Martines, Sirithes, and American Legion Ambulance for alleged interference or attempted interference with plaintiff's state or federal rights by threats, intimidation or coercion. Plaintiff understands that by choosing to proceed on these claims, the court will construe the choice as a request to voluntarily dismiss the additional claims and defendants pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

\_\_\_\_　Plaintiff wants to amend the complaint.

DATED:_____　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff